FILED

SEP 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## district court of the United States
## District of Columbia

(captioned pursuant to <u>Mookini v. United States</u>, 303 U.S. 201)
(Article III court of law)

| | |
|---|---|
| Lawrence La Spina, #82781-054<br>*job stee*<br>*Yazoo City, Miss. 39194*<br>Petitioner,<br><br>v.<br><br>Constance Reese - FCI Yazoo, Miss. - Warden/Agent<br>Harley Lappin - Bureau of Prisons Director/Principal<br><br>Respondent(s). | CASE NUMBER  1:05CV01930<br><br>JUDGE: Colleen Kollar-Kotelly<br><br>DECK TYPE: Habeas Corpus/2255<br><br>DATE STAMP: 09/**/2005<br><br>*Number*<br>85 40 82 267 11 |

## Petition for the Great Writ of Habeas Corpus
## Pursuant to Title 28 U.S.C. § 2241

Lawrence La Spina, hereinafter "petitioner", brings this request for the Great writ of habeas corpus, seeking immediate release, in his proper person, (name spelled correctly in upper and lower case letters), not pro se, (on behalf of), NAME spelled improperly in all CAPITAL letters having <u>no representative capacity</u> for the real person in this matter. The Privilege of Habeas Corpus is guaranteed by the Constitution in Article I, Section 3, Clause 9.

The Great writ is the exclusive judicial remedy to test the lawfullness of detention and this petition must not be construed to be anything other than a request for the Great writ.

Further, this habeas petition <u>must</u> only be reviewed by a judge operating exclusively under his or her Article III capacity

- 1 -

pursuant to Title 28 § 2241. Under no circumstances should this writ application be filed or docketed in a non-judicial District Court operating for benefit of the **Federal civil justice system**. Delivery of this habeas petition has been done by "RESTRICTED DELIVERY" to the individual who is <u>mandated</u> by law to insure that jurisdiction while reviewing this habeas petition, will be done strictly pursuant to an Article III judge.

While Congress has expanded the definition of habeas corpus, petitioner's requirements fit the <u>narrow common-law standards</u> the Great writ receives its historical significance from. The <u>controlling law</u> in this matter is Title 28 § 2243.

### Standing of Petitioner Requiring Article III Review

1. Petitioner is a sovereign citizen of the United States as described in the Fourteenth Amendment.

2. Petitioner <u>is not</u> a member, by presumption or otherwise of the body politic or unincorporated association or administrative society commonly known as the UNITED STATES OF AMERICA.

3. Petitioner has no commercial activity with, and cannot be lawfully found in the jurisdiction of the District of Columbia.

4. Petitioner bears no responsibility to any corporate bankruptcy, (1934 body corporate - "United States of America"), he has not expressly signed.

5. Petitioner being an inhabitant and citizen of a union state is not subject to the jurisdiction of a Territorial - "United States District Court".

6. Petitioner is not subject to any "War Powers" District Court jurisdiction. (See the Trading With The Enemy Act of 1917)

as the United States is not at war. The last solemnly declared war was World War II.

## Jurisdiction of this court and Section 2255 discussion

The Article III district court or circuit judge have jurisdiction over the custodial respondent regardless if either the warden or director is named for respondent purposes by agent/principal - principal/agent.

The administrative non-judicial "United States District Court for the Southern District of Mississippi" does not have jurisdiction to address the constitutional injustice the habeas petition raises and under no circumstances should this request for the Great writ be transferred to that non-judicial District Court.

Likewise, as this petitioner did not have a criminal prosecution in the course of the common-law, but was instead subjected to its civil-law mode of criminal procedure, clearly the sentencing Court was operating outside of the due process of law provided by the Constitution Therefore, the sentencing Court can only be considered a quasi-judicial entity lacking any lawful jurisdiction to address the constitutional violations contained in this habeas petition. This makes relief by Title 28 U.S.C. Section 2255 motion **inadequate and an impossibility.**

Petitioner did not raise any of the issues contained within this habeas request via an appeal or Section 2255 motion. Petitioner has never had any court address the manifest constitutional injustice this habeas request demonstrates and the judicial Article III judge reviewing this Great writ request must take

- 3 -

jurisdiction and do so pursuant to the "Rule of Necessity".

> a court "must take jurisdiction if it should,
> The judiciary cannot, as the legislature may,
> avoid a measure because it approaches the
> confines of the constitution. We cannot
> pass it by, because it is doubtful. With
> whatever doubts, with whatever difficulties,
> a case may be attended, we must decide it,
> if it be brought before us. We have no more
> right to decline the exercise of jurisdiction
> which is given, than to usurp that which
> is not given. The one or the other would
> be treason to the constitution. Questions
> may occur which we would gladly avoid; but
> we cannot avoid them." Id. at 404, 5 L.Ed
> 257 (emphasis added).

> Chief Justice Marshall's exposition in Cohens
> v. Virginia, 6 Wheat, 264, 5 L.Ed 257, (1821)
> cited as f.n. 19 in United States v. Will,
> 449 US 260, 66 L.Ed 2d 392, 406, 101 S.Ct.
> 471 (1980).

### Duties of the district court or circuit judge

The essence of the Great writ is speed.

> Extraordinay remedy of habeas corpus requires
> court, justice, or judge to act forthwith,
> and application usurps attention and displaces
> calendar from him within its four corners.
> (emphasis added). Ruby v. United States,
> (1965) 341 F.2d 585, cert. denied 86 S.Ct.
> 1877, 384 U.S. 978, 16 L.Ed 2d 689.

Congress has provided the district courts of the United

States with statutes that establish speed for habeas petition

as the proper procedural due process.

> "(a) Notwithstanding any other provision of
> law, each court of the United States shall
> determine the order in which civil actions
> are heard and determined, except that the
> **court shall expedite the consideration** of
> any action brought under chapter 153 [habeas
> corpus]...". Emphasis added.

> Title 28 U.S.C. § 1657(a).

- 4 -

This further enhanced by the controlling law at Title 28 § 2243, which restricts judicial discretion and mandates:

a) The writ to issue forthwith or a show cause order directing the respondents to file a return within 3 days.

b) Certification of the true cause of detention.

c) A hearing, if necessary, to be scheduled within 5 days of the return.

d) Summary determination by the Article III court.

The Article III judge reviewing this Great writ petition has an obligation to protect this citizen's substantial rights and if for any reason this habeas petition has mistakenly been filed for non-judicial review, the reviewing judge must act promptly and transfer the petition to the appropriate Article III forum.

Since this petition for the Great writ only deals with issues of law, which requires no formal hearing, there is no need for forum conveniens, and any Article III district or circuit judge in both the District of Columbia and the southern district of Mississippi or fifth circuit has lawful jurisdiction to determine this writ request.

Both the Constitution and the Northwest Ordiance of 1787 guarantee that petitioner's absolute right to redress grievance by habeas corpus shall always be available. Failure of this court to promptly review this habeas petition would result in a complete miscarriage of justice and a total deprivation of rights inapposite to this judge's sworn duty.

### Case History

Petitioner will briefly summarize the INDICTMENT. Petitioner was allegedly indicted by a "Grand Jury" for two counts of fraud pursuant to Title 18 § 371 and one count of Obstruction of Justice in S.D.N.Y Docket No. 99cr339.

Petitioner was convicted in a "make believe" trial by jury and sentenced to 78 months of incarceration. Petitioner was given a self-surrender date of May 24, 2001. Due to personal reasons petitioner self-surrendered three weeks late on June 19, 2001. Naturally, "in the interest" of civil-justice, plaintiff's attorney's re-indicted this petitioner for failing to surrender (on time) and petitioner was given an additional four months sentence, in S.D.N.Y. Docket No. 01cr904. Additionally, plaintiff's attorney's sought to forfeit petitioner's 75 year old mother's home, (which was put up as bail) even after he voluntarily self-surrendered. This application for a writ of habeas corpus will not visit or dwell onthe facts of the case, (which were appalling), rather, petitioner only requires this judicial court to do a cursory review of the record for violations of law resulting in no subject matter jurisdiction as outlined in the Summary Introduction, on page 6 of this petition.

## Summary Introduction

The entire criminal proceeding used against this petitioner was outside of the due process of law and unconstitutional <u>as applied</u>. This will be demonstrated by reviewing the following three points.

Point A -    No lawful indictment was ever returned by a Grand
             Jury pursuant to the Fifth Amendment

Point B -    No lawful "Trial by Jury" was held pursuant to
             the Sixth Amendment and Article III of the
             Constitution

Point C -    Petitioner is being unlawfully punished pursuant
             to a Bill of Pains and Penalties, (Bill of Attainder),
             expressly prohibited by the Constitution at Article
             I, Section 9, Clause 3.

The cases that have resulted in petitioner's unlawful incarceration are Southern District of New York docket Nos. 99cr339 and 01cr904.

Point A -    A review of the record shows there was no lawful

grand jury indictment in S.D.N.Y. Docket No.

99-cr-339 pursuant to due process.

The Grand Jury clause in the Fifth Amendment to the Cosnti-

tution reads as follows, infra.

> "No person shall be held to answer for
> a capital or otherwise infamous crime unless
> on a presentment or indictment of a Grand
> Jury, except in cases arising in the land
> or naval forces or in the Militia, when
> in actual service in time of War or public
> danger; nor shall any person be subject
> for the same offense to be twice put in
> jeopardy of life or limb; nor shall be
> compelled in any criminal case to be a
> witness against himself, nor be deprived
> of life, liberty, or property, **without
> due process of law**; nor shall private
> property be taken for public use, without
> just compensation." (emphasis added).

Amendment V - Constitution for the United
States

The key words are in emphasis, supra, "without due process

of law." The Supreme Court has told us that all subject matter

jurisdiction is lost when due process is violated. (See <u>Johnson v.</u>

<u>Zerbst</u>, (1938) 304 U.S. 458, 58 S.Ct. 1019).

This of course is assuming that there was ever subject

matter jurisdiction to begin with.

The lawful due process used for a federal grand jury is

outlined in Federal Criminal Rule 6. Specifically, a review

of Rule 6(b)(1), 6(c), and 6(f) is necessary. These rules have

been amended several times, but in April of 1999, the time

of petitioner's INDICTMENT they read as listed as follows.

- 7 -

Federal rules of Criminal Procedure 6.

(b) Objections to Grand Jury and Grand Jurors.

   (1) **Challenges.** The attorney for the government
       or a defendant who has been held
       to answer in the district court may
       challenge the array of jurors on
       the ground that the grand jury was
       not selected, drawn or summoned in
       accordance with law, and may challenge
       an individual juror on the ground
       that the juror is not legally qualified.
       **Challenges shall be made before the
       administration of the oath to the
       jurors** and shall be tried by the
       court. (emphasis added)

(c) **Foreperson and Deputy Foreperson.** The
    court shall appoint one of the jurors
    to be foreperson and another to be deputy
    foreperson. The foreperson shall have
    power to administer oaths and affirmations
    and shall sign all indictments. The
    foreperson or another juror designated
    by the foreperson shall keep a record
    of the number of jurors concurring in
    the finding of every indictment and
    shall file the record with clerk of
    the court, but the record shall not
    be made public except on order of the
    court. During the absence of the foreperson
    the deputy foreperson shall act as foreperson.

(f) **Finding and Return of Indictment.** An
    indictment may be found only upon the
    concurrence of 12 or more jurors. The
    indictment shall be returned by the
    grand jury to a federal magistrate judge
    in open court. If a complaint or information
    is pending against the defendant and
    12 jurors do not concur in finding an
    indictment, the foreperson shall so
    report to a federal magistrate judge in
    writing forthwith.

A careful examination of the above rules will demonstrate

several violations of due process of law in addition to violation

of statute.

- 8 -

As Title 28 § 1867 allows for challenging the petit jury selection before the voir dire examination and taking of any oaths, Criminal Rule 6(b)(1) similarly allows for challenging the array of grand jurors before the administration of the oath to the jurors. This is a clear requirement of due process of law and petitioner, nor his attorney were ever noticed of any grand jury convening effectively denying him this fundamental right. The importance of "Notice" was well addressed by the Supreme Court in Jones v. United States, (1999) 526    227, 143 L.Ed.2d 311, 119 S.Ct. 1215.

Rule 6(c) requires a member of the grand jury to file a voting concurrence form with the clerk and while the voting records are not for public viewing, there should at a minimum be an entry into the record showing that voting records were at least filed. Petitioner could not locate any such record.

Rule 6(f) required the entire grand jury, as a body, to return an indictment to a federal magistrate judge in open court. A record of all open court proceedings must be kept by a court reporter pursuant to Title 28 § 753(b). Open court means that the doors must be unlocked when an indictment is returned.

Once again petitioner's counsel was never noticed of any open court proceeding taking place pursuant to this rule and the record is completely void of anything demonstrating that any part of Rule 6(f) was ever complied with.

- 9 -

There is nothing in the record to indicate that any of the rules, supra, were ever followed. There is simply no way of establishing that a lawful grand jury empowered pursuant to the Fifth Amendment ever returned a proper indictment. The INDICTMENT rendered must be considered a complete nullity as the violations of Criminal Rule 6(b)(1), 6(c), and 6(f) did not result in a defective indictment, but an INDICTMENT that was never valid to begin with. This was not a simple procedural error that could be waived away by calling it a defect in form only. Without following the due process of law guaranteed by the Constitution and outlined in Federal Criminal Rule No. 6, there was no subject matter jurisdiction pursuant to a valid indictment or proper grand jury; resulting in a total deprivation of petitioner's rights.

It is not realistic to accept that a federal magistrate judge, the court reporter, the members of the grand jury, the plaintiff's attorneys and the clerk of the court all forgot to do their jobs.

Petitioner has concluded that Criminal Rule of Procedure No. 6 was not followed pursuant to due process because it was not applicable to the grand jury process that was used.

A lawful Grand Jury pursuant to the Fifth Amendment would have listed the plaintiff as the "United States", not the "UNITED STATES OF AMERICA". (Which is not our constitutionally created government). A proper indictment would cause a summons or warrant to issue which must bear the seal of the court. (the bald eagle facing the olive branches, not the war eagle facing the arrows). Even the INDICTMENT itself is vague. It

- 10 -

does not say the "United States Grand Jury charges" or the "federal Grand Jury charges", it simply states the "Grand Jury charges". Which Grand Jury was used is a question for this court to decipher. It certainly was not a Grand Jury provided by the Constitution and Federal Criminal Rule No. 6.

Petitioner is not only stating that there was no subject matter jurisdiction pursuant to the due process violations of F.R.Cr.P. No. 6, petitioner is claiming that the entire grand jury process that was used was made of whole cloth and cannot be considered lawful pursuant to any judicial (Article III) proceeding. A Fifth Amendment authorized Grand Jury would result in a criminal prosecution done by "Trial by Jury" in the course of the common-law in a district court of the United States.

The quasi SPECIAL GRAND JURY that was used against this petitioner was a lie from its inception, done outside of due process, and wholly lacking of any valid jurisdiction.

The question for this judicial court is who convened the grand jury, by what authority, and was it lawful pursuant to the Fifth Amendment.

Petitioner does not believe the INDICTMENT was handed down in a court of the United States as defined as being "Article III" in Title 28 § 451 and challenges the jurisdiction of the entire action from its inception.

- 11 -

Point B —        The record shows petitioner didn't have trial by jury

as guaranteed all sovereign citizens by the Constitution

> "In all criminal prosecutions, the accused
> shall enjoy the right to a speedy and public
> trial, by an impartial jury of the State
> and district wherein the crime shall have
> been committed, which district shall have
> been previously ascertained by law, and
> to be informed of the nature and cause of
> the accusation; to be confronted with the
> witnesses against him; to have compulsory
> process for obtaining witnesses in his favor,
> and to have the assistance of counsel for
> his defense."

> Sixth Amendment to the Constitution

If this petitioner had a <u>lawfully empowered</u> Grand Jury

pursuant to the Fifth Amendment he would have had "trial by

jury". The Fifth Amendment's due process of law clause would

have guaranteed it. However, petitioner did not have a criminal

prosecution.

Rather, the District of Columbia's policy of administrative

crime prevention pursuant to Title 4 §§ 112(a) and 112(b)

is what this petitioner was confronted with. Today it is called

"civil justice" or "civil-law".

Proper procedure for trial by jury is listed in many publi-

cations, some of which even predate <u>Blackstone</u>. In fact, trial

by jury is not just guaranteed by the Sixth Amendment. The

Constitution adopted and secured the Northwest Ordinance of

1787 in its entirety pursuant to Article VI, ¶1, of the Constitution

and can be found at 1 Stat 52.

> "The inhabitants of the said territory shall
> always be entitled to the benefits of the
> writ of habeas corpus, and of <b>trial by jury;</b> of
> a proportionate representation of the people in
> the legislature; and of <b>judicial proceedings</b> according
> to the <b>course of the common law...</b>

No man shall be deprived of his liberty
or property, but by the **judgment of his
peers** or the law of the land..." (emphasis
added)

Article 2 - Northwest Ordinance of July
13, 1787, Organic Law secured by the United
States Constitution

The Northwest Ordinance is fundamental law, done by compact,

that is as valid today as it was over two hundred years ago.

In fact it would take all 50 states to agree to rescind it.

Not even a constitutional amendment can alter it. Article 2

of the Northwest Ordinance makes the following very clear:

1. Sovereign citizens <u>shall</u> always be entitled to the writ
   of habeas corpus.

2. Sovereign citizens <u>shall</u> always be entitled to trial by jury.

3. Judicial proceedings will be done in the course of the

   <u>common-law</u>.

4. No man shall be punished except by <u>judgment</u> of his <u>peers</u>.

This petitioner did not have trial by jury as guaranteed

all natural born citizens by the Constitution and Northwest

Ordinance.

Petitioner had trial by the Court with an advisory jury.

The District Court not the jurors was the ultimate factfinder

in S.D.N.Y. Docket No. 99-cr-339. In trial by jury all matters

of evidence must be put in front of the jurors and today's

modern practice of "motions in limine" could not exist in trial

by jury.

The finding of issue of fact by the Court upon the evidence

is altogether unknown to a common-law court, and cannot be recognized

as a <u>judicial</u> act. (See <u>Rogers v. United States</u>, 141 U.S. 548,

35 L.Ed. 853, 12 S.Ct. 91).

- 13 -

Anything that is "on the record" must be made available to jurors when pondering what facts to adopt and what facts to ignore. Exclusion of facts from jurors, (i.e. use of sidebars) are a prime example demonstrating that petitioner did not have trial by jury pursuant to the Sixth Amendment.

Other examples include --

1.   In trial by jury the court may guide and answer questions, but does not <u>charge</u> the jury.

2.   Jurors do not take an <u>oath</u> to the Court in trial by jury.

3.   Jurors, not the judge, render judgment as established in the Northwest Ordinance.

4.   Court is <u>only in session</u> when the jury is present in trial by jury.

Clearly, he who controls the evidence controls the outcome and this is one of the reasons that the jurors, not the judge, <u>must</u> be the factfinder. Nowhere is this more obvious than in the JUDGMENT IN A CRIMINAL CASE which states:

> "The Court adopts the factual findings and
> guidelines application in the presentence
> report"

An employee of the Department of Justice prepares this PSI report that the Court is adopting, not an impartial jury of twelve. This could never occur in true trial by jury.

Petitioner was obviously not charged with a crime against the United States which mandates criminal prosecutions be held inthe course of the common-law. Petitioner's OFFICIAL

- 14 -

CAPACITY NAME was charged using presumption that petitioner was subject to it, with violation of the criminal policies of the UNITED STATES OF AMERICA.

This **civil law mode of criminal procedure** runs afoul of the due process of law guaranteed all sovereign citizens.

Without due process all subject matter jurisdiction is lost and it is irrelevant whether the so-called trial Court was authorized by the Local Civil Rules of the District of Columbia or by any District of Columbia deck, process, standing order, secret procedure, etc. The trial of all crimes must be by jury pursuant to Article III, Section 2, Clause 2 of the Constitution.

Whatever device and court that were used, could never lawfully allow a trial by the Court or a "trial with", not "by" jury. Any waiver of the Constitutionally protected right of the trial by jury, can only be done with the knowing, deliberate, and willful consent of this petitioner. The "apperance of justice" is not what our founding fathers had in mind when they drafted the Constitution for the United States.

The "trial" petitioner received by the civil justice system using a "preponderance of the evidence" instead of a "beyond a reasonable doubt" standard was unconstitutionally overbreadth as applied. The entire process used against this petitioner was nothing short of outlawry.

- 15 -

Point C -   Petitioner is imprisoned pursuant to a Bill of

            Pains and Penalties prohibited by the Constitution

Petitioner is not imprisoned for committing a crime against the United States. This brings to light a question that must be answered. Who or what is the UNITED STATES OF AMERICA? And, by what lawful authority does it exist and operate? We know the following to be indisputable fact:

1.   The "United States" is the body sovereign.

2.   The "United States of America" is the body corporate which went bankrupt in 1934.

It appears that 1934 was a pivotal year. For in that year the following was passed by (a)ct of Congress as a statute at large.

Title 4 §§ 112(a) and 112(b)

(a) The consent of Congress is hereby given to any two or more States to enter into agreements or compacts for cooperative effort and mutual assistance in the prevention of crime and in the enforcement of their <u>respective</u> criminal laws and <u>policies</u>, and to establish such agencies, joint or otherwise, as they may deem desirable for making effective such agreements and compacts.

(b) For the purpose of this section, the term "States" means the several States and Alaska, Hawaii, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and the District of Columbia.

The above cited agreement recognized the District of Columbia as a "State", in a territorial sense (68 sq. miles) and allows it to create laws, agencies, etc. for the "public policy of crime prevention." The District of Columbia enforces its statutes, rules and regulations passed for the District of Columbia, ((A)cts of Congress), within the borders of the several states.

- 16 -

This unincorporated association of States common name is the UNITED STATES OF AMERICA and is the plaintiff in petitioner's case. It also has been referred to as the body politic or corporate.

> "**Body politic or corporate**" - A social compact by which the whole people covenants with each citizen, and each citizen with the whole people, that all shall be governed by certain laws for the common good (of those consenting to such positive laws) (emphasis added).

> Uricich v. Kolesar, 54 Ohio App. 309, N.E. 2d 413, 414.

Members and presumed members of the body politic or unincorporated association can usually be identified by their "official" name or idem sonans. (NAMES spelled in all capital letters sounding phonetically identical to an individual's proper name when read. - "The Doctrine of idem sonans" allows for the variances in spelling except for prejudice that misleads the opposite party - See Blacks Law Dictionary - 6th Edition)

However, statutes being passed for the benefit of the District of Columbia and then enforced in the several states runs head-on with the Fourteenth Amendment of the Constitution.

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

XIV Amendment - Constitution for the United States

There is an abundance of older case law which avers that the District of Columbia is not a State for purposes of the Fourteenth Amendment. Congress rectified that problem in 1976 when it amended Title 42 § 1983, to specifically include the District of Columbia.

At first glance, petitioner thought this "civil justice" process violated the ex post facto provision of the Constitution since it appeared to deprive him of a defense to criminal liability before enactment of the law that now allows for the civil-law mode criminal proceedings.

Petitioner was wrong. He is being punished pursuant to a Bill of Pains and Penalties.

> Bill of attainder.  Black's 6th Edition.
> Legislative acts, no matter what their form,
> that apply either to named individuals or to
> easily ascertainable members of a group in
> such a way as to inflict punishment on them
> without a judicial trial.  United States v.
> Brown, 381 U.S. 437, 448-49, 85 S.Ct. 1707,
> 1715, 14 L.Ed. 484, 492; United States v.
> Lovett, 328 U.S. 303, 315, 66 S.Ct. 1073,
> 1079, 90 L.Ed. 1252.  An act is a "bill of
> attainder" when the punishment is death and
> a "bill of pains and penalties" when the
> punishment is less severe; both kinds of
> punishment fall within the scope of the
> constitutional prohibition.  U.S. Constitution
> Article I, Section 9, Clause 3 (as to Congress);
> Article I, Section 10, (as to state legislatures).

There is no law that petitioner could find that allows for "civil-justice" instead of criminal justice that is in conformity with the United States Constitution. The entire process that was used to indict, try, convict, and sentence this petitioner was completely outside of due process.

It doesn't matter whether the District of Columbia is using ancillary jurisdiction, pending related case, pendant party jurisdiction, a special "deck" for miscellaneous cases, supplementary rules, or special proceedings against this petitioner. It is equally unimportant if the UNITED STATES OF AMERICA is using Federal Civil Rules Nos. 9, 17(b), 23.2 in addition to "contempts constituting crimes" and tort laws to bring forth

its charges. Neither the crime prevention policy established
at Title 4 §§ 112(a) & (b) or the Civil Justice Reform Act
of 1990 could ever lawfully give the UNITED STATES OF AMERICA
standing to violate the due process of law guaranteed all natural
persons by the Constitution for the United States. No matter
how it is labeled, the entire process used to incarcerate this
petitioner was void and without jurisdiction.

By presuming, petitioner is a member of the special purpose
entity called the UNITED STATES OF AMERICA, the defacto Government
has unlawfully subjected this petitioner, a sovereign citizen,
to a non-judicial proceeding done in civil-law. There can be
no doubt that petitioner is guaranteed the absolute right to
a judicial proceeding done in the course of the common-law
pursuant to the due process outlined in the Constitution and
Northwest Ordinance.

Petitioner is being punished by a Bill of Pains and Penalties
and the Federal Justice System is unconstitutional as applied
to this petitioner.

Additional charges

As stated previously, plaintiff UNITED STATES OF AMERICA,
brought a second INDICTMENT, Docket No. 01-cr-904, against
the petitioner for self-surrendering three weeks late.

Petitioner, naive to the fact that it was civil justice,
not criminal justice, pled guilty to failure to surrender charges
and was sentenced to an additional four months of incarceration.

Material facts negating the second INDICTMENT

The argument presented in "Points A and C" of this petition

are totally applicable to this INDICTMENT as well. Further,
petitioner, would not have had trial by jury if he pled innocent.

Additionally the INDICTMENT and Judgment are a nullity
for the following two reasons.

1.  Petitioner never committed an offense against the United
    States. As a matter of law, any release provided by Title
    18 - Chapter 207 is contingent upon the original offense
    being cognizable in an article 3 common-law court operating
    pursuant to due process.

2.  The trial Court in the primary INDICTMENT was never lawfully
    empowered to proceed against a natural person, hence this
    petitioner committed no crime in this matter.

Conclusion

Petitioner has been unlawfully incarcerated by <u>prevailing
usages at law</u>, not **due process in law**, as mandated by the Consti-
tution and Northwest Ordinance.

There was no subject matter jurisdiction in S.D.N.Y. Docket
Nos. 99-cr-339 and 01-cr-904 from inception to completion pursuant
to due process.

The District Courts which held civil-law proceedings in
the aforementioned docket numbers were without lawful authority
to do so.

Petitioner's most basic and fundamental constitutional rights
have been violated by the municipal government de facto. Petitioner
requests <u>immediate release</u> by nullification of both the JUDGMENTS
and INDICTMENTS in S.D.N.Y. docket Nos. 99cr339 and 01cr904,
and expungment of the record. Petitioner only requires a test

- 20 -

for lawfullness of detention, in the course of the common-law as the Great writ was designed for.

A quick review of the INDICTMENT AND JUDGMENTS will quickly demonstrate that they were not issued from a **court of the United States** as defined at Title 28 § 451 and petitioner is being unlawfully detained under the color of law as described in Title 28 § 2241(c).

Sworn to as all facts being true, under penalty of perjury this _____ day of September, 2005.

By: Lawrence La Spina

Lawrence La Spina
Reg. No. 82781-054
P.O. Box 5000
Yazoo City, Miss 39194