district court of the United States
District of Columbia

(captioned pursuant to Mookini v. U.S., 303 US 201)
(article 3 court of law)

*Resubmitted with correct Docket No. 05-1930 CKK*

Lawrence La Spina,

    Petitioner,

    Docket No. ~~05-0710~~

v.

Certified Mail Number
~~7004 0750 0004 4023 4785~~
*7004 2890 0003 7088 5294*

Constance Reese - FCI Yazoo, Miss. -Warden/**Agent**

Harley Lappin - Bureau of Prisons Director/**Principal**

_____/

### Response to Court's Show Cause Order

Petitioner, Lawrence La Spina, a Citizen of the United States, who <u>has</u> <u>never</u> submitted a "pro se" petition for writ of habeas corpus, but has requested a Great writ pursuant to Title 28 § 2241 in his proper person, herein responds to the Court's October 6, 2005 SHOW CAUSE ORDER.

The SHOW CAUSE ORDER mistakenly states that, "Petitioner's prior filings in this Court have been transferred due to lack of jurisdiction". The judge cites docket No. 05-710, a case <u>she</u> was assigned, as an example. The truth is that three separate show cause orders and a writ to transport this petitioner to the District of Columbia for a hearing pursuant to Title 28 § 2243 all occured in docket No. 05-710. Judge Richard Leon who replaced judge Colleen Kollar-Kotelly issued a TRANSFER ORDER on September,2 2005 rather than "clean up the mess" the prior judge created. At no time did judge Leon claim the Court did not have jurisdiction and the TRANSFER ORDER itself is unlawful as it attempts to transfer the habeas action to a

- 1 -

*Original*

Court which does lack jurisdiction. Petitioner submitted a "Notice of Nullity" and more recently a "Request for communication" from judge Leon and is <u>still</u> <u>waiting</u> to see what judge Leon intends to do. In the meanwhile, petitioner has submitted a second request for the Great writ that is in possession of this court, since it is becoming apparent that judge Leon <u>does</u> <u>not</u> <u>wish</u> to perform his sworn duty and make a lawful determination on the habeas petition.

Judge Kollar-Kotelly's SHOW CAUSE ORDER also states that, "(I)t appears that this Court lacks jurisdiction over the petition". Of course nothing could be further from the truth.

Petitioner finds it ironic that the Court suddenly believes that it may lack jurisdiction. Considering the fact that the <u>entire</u> <u>process</u> which resulted in this petitioner's detention was done in behalf of the District of Columbia.

The United States District Court for the Southern District of New York was operating under the local Civil Rules of the District of Columbia when it held its civil law mode criminal proceedings. Petitioner is currently held at an F.C.I., not a penitentiary, which can only be described as a District of Columbia enclave, and the United States has no territorial jurisdiction over the facility. Additionally the District of Columbia has jurisdiction over the custodial respondents. No matter how you approach it, the District of Columbia's jurisdiction is unquestionable in this matter. Further, the "United States District Court" situated in the several union states are truly nothing more than "precinct" Courts for the District of Columbia.

- 2 -

It is insulting to even suggest that the District of Columbia

district court lacks jurisdiction to hear a petition for the

Great writ of habeas corpus.

The question comes down to <u>which</u> court in the District

of Columbia has jurisdiction to entertain a Title 28 § 2241

habeas request submitted by a natural citizen of the United

States.

The District of Columbia's multi-court system is becoming

commonly known, as,

The -           UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

is an amalgamated caption. It can easily reference several different

courts. A brief history review is in order. The Supreme Court made

it clear that the "United States District Court" is a territorial

court.

> "The 'United States District Court' is not
> a true United States court established under
> artice 3 of the Constitution to administer
> the judicial powers of the United States
> therein conveyed. The resemblance of its
> jurisdiction to that of true United States
> courts, ..., does not change its character
> as a mere territorial court."
>
> <u>Balzac v. Porto Rico</u>, 258 U.S. 298, 42 S. Ct.
> 343 (1922)

This 1922 decision is still valid law as there has been no

ruling from the Supreme Court addressing this issue since then.

However, there was a 1938 Supreme Court case called <u>Mookini</u>

<u>v. United States</u>, 303 U.S. 201, 58 S. Ct. 543, which clearly stated

that the **district courts of the United States** are the article 3 courts

created by the Constitution. Reference to the <u>Mookini</u> ruling is

made under Federal Rule of Civil Procedure No. 1 in its 1937 adoption.

- 3 -

More importantly under F.R.Cv. Proc. No. 1 is an amendment stating:

> ### 1948 Amendment
> The amendment effective Oct. 20, 1949, substituted the words **United States district courts** for the words **district courts of the United States.** (emphasis added)

Due to <u>Mookini</u>, the Article III district courts of the United States became United States <u>district courts</u> in the above amendment.

As can be seen capitalization of letters is extremely important. Pursuant to <u>Balzac</u>, the "United States District Court" is an Article IV terriotial court and pursaunt to Fed. Civil Rule No. 1 via <u>Mookini</u>, the "United States district court" is the Article III court.

Still in Title 28 § 132 the United States District Court is a court of record and DC Code states the following:

> ### § 11— 101.  Judicial power.
> The judicial power in the District of Columbia is vested in the following courts:
>
> (1) The following Federal Courts established pursuant to article III of the Constitution:
> > (A) The Supreme Court of the United States
> > (B) The United States Court of Appeals for the District of Columbia Circuit
> > (C) The United States District Court for the District of Columbia

What we have here is a maze that must be clarified. Pursuant to the amendment of Civil Rule No. 1 and <u>Mookini</u>, the <u>only</u> correct way to caption the Article III court is -

United States district court

District of Columbia

Since Title 28 § 2072 tells us that when statutes collide with Rules, the rules prevail, it doesn't matter what Title 28 § 132 and DC Code § 11-101 state. Further there is nothing in Title 28 § 88 that instructs us to spell the Article III court

any differently than <u>Mookini</u> or Civil Rule No. 1 does. <u>Balzac</u>
tells us that the § 132 court of record is a territorial court.

As for DC Code 11-101 this petitioner herein submits, what he
believes is the true and proper way to caption the courts.

### Judicial Powers of the United States

The judicial power lies "in law", not "at law"
vested in the United States.
(1) The following federal courts, of limited jurisdiction,
established pursuant to Article III of the Constitution:
    (A) The United States Supreme Court
    (B) The United States court of appeals for the
       judicial District of Columbia circuit.
       (see § 2(b) of Act June 25, 1948 c. 646)
    (C) The United States distrct court -
       District of Columbia
       (see Federal Civil Rule of Procedure No. 1)

Now that the history has been provided it is simply a matter
of what this court wishes to do. Judge Colleen Kollar-Kotelly can
take Article III jurisdiction as a <u>federal</u> <u>c</u>ourt and make a lawful
determination to the habeas petition. If she is not an Article III
judge pursuant to the organic Constitution, then she can transfer
the action to any Article III judge **in the District of Columbia,**
who does have the jurisdiction to address the constitutional in-
justice the habeas petition raises. Preferably any judge that the
action is transferred to would have been appointed before 1983 and
does not pay F.I.C.A. Senior judges pre '83 will be much more
familiar with the arguments and the courts. Since the entire <u>true</u>
habeas process, pursuant to Title 28 § 2243, is designed for speed,
this petitioner should see a determination made within 2 weeks, if
this court is willing to perform its duties and make sure this
petitioner, a sovereign Citizen of the United States, has his day
in a **court of the United States** as defined at Title 28 § 451.

- 5 -

Therefore in the interest of justice the Title 28 § 2241 habeas petition must _either_ be ruled on by this court acting under its true Article III capacity or be transferred to the Article III court which does have the jurisdiction to address and determine the manifest constitutional violations the petition raises. Failure to do so would be a complete miscarriage of justice and a denial of this petitioner's most fundamental right to due process of law.

Sworn to as all facts being true, under penalty of perjury, this 17th day of October, the year of our Lord 2005.

Lawrence La Spina
Reg No. 82781-054  2BU
PO Box 5000
Yazoo City, Miss 39194

Resubmitted 10-27-05 with correct Docket No. 05-1930 (CKK)

cc: By first class mail to:

Chambers of judge Kollar-Kotelly
Harley Lappin - Director- Federal Bureau of Prisons/Principal
Constance Reese - Warden - FCI Yazoo City/Agent

- 6 -