distrct court of the United States
District of Columbia
(captioned pursuant to Mookini v. United States 303 U.S. 201)
(Article III court of law)

RECEIVED
APR 24 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Lawrence La Spina
    Petitioner

v.

District court docket number
05 - 1930 CKK

Contance Reese et al.
    Respondent

Certified Mail Number
7005 1820 0002 7712 2044
*Resubmitted 4-20-06*
*Certified Mail No.*
*7000 0520 0002 5872 5542*

_____/

Request for reconsideration of court's TRANSFER ORDER

_____

    Petitioner, Lawrence La Spina, a Citizen of the United States, herein pro per, respectfully requests this judicial district court to reconsider its decision to order petitioner's Great Writ request transferred to the United States District Court for the Southern District of Mississippi.

Discussion

    The district court retains jurisdiction to rule on this motion as there is no appeal pending. The Court of Appeals issued an Order directing this petitioner to file a mandamus petition in this matter instead of an appeal. (See attached exhibit 1)

    It has been exactly one year since petitioner first filed a §2241 petition to this court on April 7th, 2005. (see Docket No. 05-710)

The court properly took jurisdiction on petitioner's initial habeas filing into the District of Columbia district court. This court presently does have jurisdiction to rule on petitioner's present request for the Great Writ but is afraid to do so.

Petitioner, **once again**, quotes the great Chief Justice Marshall's expostion in <u>Cohens v. Virginia</u>, 6 Wheat, 264, 5 L. Ed. 257 (1821) on the **Rule of Necessity**, in an attempt to remind the court of its oath:

> "a court must take jurisdiction, if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the Constitution. We cannot pass it by, because it is doubtful. With whatever doubts, with whatever difficulties, a case must be attended, we must decide it, if it be brought before us. **We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.** The one or the other would be <u>treason to the constitution.</u> Questions may occur which we would gladly avoid; but we cannot avoid them." (emphasis added)
>
> reprinted as footnote #19 in <u>United States v. Will</u>, 449 U.S. 200, 66 L. Ed 2d 392, 101 S Ct 471 (1980)

What would Chief Justice Marshall say to the district judge, Colleen Kollar-Kotelly, today if he were still alive? The preservation of such sacred rights as "trial by jury" and the "Privilege of Habeas Corpus" go to the very core of the Constitution and what our founding father's fought so hard to preserve. What this court is presently doing is turning its back on the principles this country was built on. The district court knows that it should take jurisdiction and make a lawful determination of the Great Writ petition. The statutes, the Constitution and the Rule of Necessity all mandate that petitioner's habeas request should have been expeditiously determined a year ago!

This petitioner herein calls upon this district court to reconsider its position and set aside its TRANSFER ORDER. Petitioner requests that this court protect the Constitution, the sovereign United States, and preserve this petitioner's rights from invasion.

Petitioner has presented violations of Federal Criminal Rule Number 6 in his habeas petition, so the court is not compelled to address the manifest constitutional injustice the petition raises. It can simply determine whether there was ever subject matter jurisdiction pursuant to a lawful indictment. Petitioner needs a "federal judge" to make a lawful determination of his Great Writ request. The judicial court needs to protect the Bill of Rights and Constitution, <u>not</u> cooperative federalism and the non-union legislative State.

Therefore in the interest of justice, petitioner requests this court to set aside its TRANSFER ORDER, and make a lawful determination of the Great Writ application as a **court of the United States** as defined at Title 28 § 451, not "some other court" as defined at Title 28 § 460 operating from an official duty station.

As a devout believer in the Bible, this petitioner prays to our Lord and Savior, Jesus Christ, that this motion does not fall upon deaf ears this 6th day of April 2006

Resubmitted 4-20-06
*[signature]*

By: *[signature]*
Lawrence La Spina
82781-054 / 2BU
2225 Haley Barbour Pkwy.
PO Box 5000
Yazoo City, Miss.  39194

*Exhibit 1*

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-5005**             **September Term, 2005**

05cv01930

**Filed On:**

In re: Lawrence La Spina,
    Petitioner

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  JAN 19 2006

CLERK

### ORDER

    Petitioner's recently filed notice of appeal has been transmitted to this court from the U.S. District Court for the District of Columbia. The notice seeks review of an order of the district court transferring petitioner's civil action to another district court. The proper means for contesting such a transfer is a petition for writ of mandamus filed in this court. See D.C. Circuit Handbook of Practice and Internal Procedure III.G.3 (2005). Accordingly, it is, on the court's own motion,

    **ORDERED** that petitioner's notice of appeal be construed as a petition for writ of mandamus. It is

    **FURTHER ORDERED** that by February 21, 2006, petitioner submit a memorandum of law and fact in support of the petition. The memorandum may not exceed 30 pages. Petitioner's failure to comply with this order will result in dismissal of the petition for lack of prosecution. See D.C. Cir. Rule 38. It is

    **FURTHER ORDERED** that petitioner either pay the $250.00 docketing fee or file a motion for leave to proceed in forma pauperis with this court by February 21, 2006.

    The Clerk is directed to transmit a copy of this order to the Clerk of the district court as a request to delay transfer of that court's case until disposition of the petition by this court. The Clerk is further directed to send a copy of this order to petitioner by whatever means necessary to ensure receipt.

FOR THE COURT:
Mark J. Langer, Clerk

BY: *[signature]*
Elizabeth V. Scott
Deputy Clerk